IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AUSTIN GREGORY,                                    3:15-CV-00473-BR

        Plaintiff,                          OPINION AND ORDER

v.

CITY OF NEWBERG; HUNTLEY
MILLER, Personally; and BRIAN
CASEY, Personally,

        Defendants.


LEONARD RANDOLPH BERMAN
4711 S.W. Huber Street
Suite E-3
Portland, OR 97219
(503) 516-3715

        Attorney for Plaintiff

STEVEN A. KRAEMER
BRYCE W. HANKS
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

        Attorneys for Defendants


1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendants' Motion

(#8) for Judgment on the Pleadings.  For the reasons that follow,

the Court **GRANTS** Defendants' Motion.


## BACKGROUND

Plaintiff Austin Gregory alleges the following facts in his

Complaint:

> On March 31, 2013 at 10:13 a.m., Mr. Gregory, then
> a minor of 16 years, was lawfully in his home at
> 819 Zoe Court in Newberg, when Huntley Miller
> visited and spoke with his mother Patricia
> Gregory.  Austin Gregory came near the door and
> spoke to Miller.  While speaking with Ms. Gregory,
> Miller instructed Miller [sic] to go "into" his
> house or face arrest, while Austin was already
> standing inside the home.
>
> When Austin verbally challenged Millers'
> authority, saying he was rightfully and lawfully
> in his own home and there was no basis to arrest
> him, Miller lunged in to the home and grabbed
> Austin out of his home, slammed him on to the
> ground and, battered him and arrested him.  He
> suffered a concussion and closed head injuries.
>
> His juvenile conviction[s] for interfering and
> resisting arrest [are] pending appeal in State
> court.
>
> Plaintiff timely filed a notice of tort claim
> September 23, 2013.

Compl. at ¶¶ 8-11.  Although it is not entirely clear in his

Complaint, the parties clarify in their later briefing that

Plaintiff was arrested for and charged with the crime of

interfering with a police officer as well as with the crime of

2 - OPINION AND ORDER

resisting arrest arising from his conduct during his arrest for interfering with a police officer.  In addition, neither of Plaintiff's convictions for interfering with a police officer or resisting arrest have been overturned or expunged on appeal.

On March 23, 2015, Plaintiff filed a Complaint in this Court against the City of Newberg, Officer Miller, and Chief of Newberg Police Brian Casey asserting claims pursuant to 42 U.S.C. § 1983 for (1) wrongful arrest in violation of the Fourth Amendment to the United States Constitution, (2) excessive force in violation of the Fourth Amendment, and (3) a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Plaintiff also asserted state-law claims for negligence, false arrest, battery, and malicious prosecution.

On June 1, 2015, Defendants filed a Motion for Judgment on the Pleadings as to all of Plaintiff's claims.  The Court took the Motion under advisement on June 29, 2015.

## STANDARDS

Federal Rule of Civil Procedure 12(c) provides:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.  If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

3 - OPINION AND ORDER

For purposes of a motion pursuant to Rule 12(c), the court must accept the nonmoving party's allegations as true and view all inferences in a light most favorable to the nonmoving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). A judgment on the pleadings is properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Davis v. Astrue*, Nos. C-06-6108 EMC, C-09-0980 EMC, 2011 WL 3651064, at *1 (N.D. Cal. Aug. 18, 2011)(citation omitted). *See also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.").

## DISCUSSION

As noted, Defendants move for judgment on the pleadings as to all of Plaintiff's claims.

**I.    *Heck v. Humphrey* bars Plaintiff's § 1983 claim for wrongful arrest.**

Defendants assert Plaintiff's § 1983 claim for wrongful

arrest is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),
because a judgment in favor of Plaintiff in this action as to
that claim would necessarily imply the invalidity of Plaintiff's
convictions in state court for interfering with a police officer
and resisting arrest.

Plaintiff, however, asserts *Heck* does not apply to the
juvenile adjudications against Plaintiff for interfering with a
police officer and resisting arrest.

### A.    *Heck* Doctrine.

In *Heck* the Supreme Court held:

> [I]n order to recover damages for allegedly
> unconstitutional conviction or imprisonment, or
> for other harm caused by actions whose
> unlawfulness would render a conviction or sentence
> invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared
> invalid by a state tribunal authorized to make
> such determination, or called into question by a
> federal court's issuance of a writ of habeas
> corpus, 28 U.S.C. § 2254.  A claim for damages
> bearing that relationship to a conviction or
> sentence that has not been so invalidated is not
> cognizable under § 1983.  Thus, when a state
> prisoner seeks damages in a § 1983 suit, the
> district court must consider whether a judgment in
> favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the
> plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.

512 U.S. at 486-87 (footnotes omitted).

In *Smith v. City of Hemet* the Ninth Circuit reiterated:
"[I]f a criminal conviction arising out of the same facts stands

and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." 394 F.3d 689, 695 (9th Cir. 2005)(quotation omitted). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" *Beets v. County of Los Angeles*, 669 F.3d 1038, 1042 (9th Cir. 2012)(quoting *Heck*, 512 U.S. at 487).

**B.  *Heck* applies to Plaintiff's juvenile adjudication.**

Plaintiff notes he was a juvenile at the time of the events at issue, and his adjudication occurred in juvenile court. Plaintiff, however, asserts his juvenile adjudication is not susceptible to a *Heck* challenge.

Although this district has not explicitly resolved whether a juvenile adjudication is susceptible to a *Heck* challenge, the Court notes at least two judges in the district assumed, without deciding, that *Heck* would apply. *See Baldenegro v. Naylor*, No. 1:11-cv- 03038-CL, 2012 WL 2367380, at *1 (D. Or. May 10, 2012), *Finding and Recommendation adopted by Judge Owen Panner,* 2012 WL 2367377 (D. Or. June 21, 2012). Courts in other jurisdictions, in any event, have held *Heck* applies to juvenile adjudications. *See, e.g., Adkins v. Johnson*, 482 F. App'x 318, 319 (10th Cir. 2012) ("[T]he district court correctly ruled that *Heck v. Humphrey*, 512 U.S. 477 (1994), bars a suit for damages

6 - OPINION AND ORDER

based on the allegations that implicate the validity of the five juvenile judgments."); *Grande v. Keansburg Borough,* No. 12-1968(JAP), 2013 WL 2933794, at *6 (D.N.J. June 13, 2013) (applying *Heck* to § 1983 claim based on a juvenile adjudication).

Similarly, in jurisdictions with state laws that establish juvenile adjudications are not convictions, courts have, nevertheless, held *Heck* applies. For example, in *Morris v. City of Detroit* the court recognized even though a juvenile adjudication is not a criminal proceeding under Michigan law, a juvenile adjudication retains many of the procedural rights and features of a criminal proceeding and is, therefore, "certainly the functional equivalent" of a criminal conviction. 211 F. App'x 409, 411 (6th Cir. 2006). In *Dominguez v. Shaw* although the court noted a juvenile adjudication is not a conviction under Arizona law, the court, nevertheless, found there was not any "reason to treat juvenile adjudications differently than adult convictions for the purposes of Heck analysis." No. CV 10-01173-PHX-FJM, 2011 WL 4543901, at *2-*3 (D. Ariz. Sept. 30, 2011). The court noted:

> The crucial issue in assessing whether *Heck* bars [the plaintiff's] § 1983 claim is whether a finding by this court that the defendants' conduct warrants damages would necessarily invalidate the juvenile court's finding that [the plaintiff] engaged in illegal conduct. Whether the juvenile court's finding is labeled a conviction or an adjudication is, for *Heck* purposes, irrelevant . . . . If success on the § 1983 claim would undermine [the plaintiff's] juvenile adjudication,

> which has not been reversed or set aside, the
> claim has not yet accrued.

*Id.*, at *3 (citation omitted).

Oregon courts have held "any procedure constitutionally required in criminal proceedings which is one of the essentials of due process and fair treatment will be required in juvenile proceedings." *State ex rel. Juvenile Dep't of Marion Cnty. v. Smith*, 126 Or. App. 646, 650 (1994)(quotation omitted). Accordingly, in a juvenile adjudication the juvenile has the right to notice of the charges against him, the right to counsel, the right to require the state to prove his case beyond a reasonable doubt, and the rights of confrontation and cross-examination. *Id.* at 242 n.5. The juvenile also enjoys the privilege against self-incrimination and the prohibition against double jeopardy. *Id.* The Court concludes in Oregon, as in Arizona and Michigan, a juvenile adjudication is the functional equivalent of an adult criminal proceeding for purposes of *Heck*. Accordingly, the Court concludes *Heck* applies to bar Plaintiff's claims under § 1983 to the extent that they would necessarily imply the invalidity of Plaintiff's juvenile adjudication for resisting arrest and interfering with a police officer.

   **C.   *Heck* bars Plaintiff's § 1983 claim for wrongful arrest.**

In his § 1983 claim for wrongful arrest Plaintiff relies on the allegations in ¶¶ 8-11 of his Complaint and asserts Officer Miller arrested him for interfering with a police officer

without probable cause and wrongfully charged him with resisting arrest. As noted, however, Plaintiff's adjudications for interfering with a police officer and resisting arrest have not been overturned or expunged.

The Ninth Circuit has held a plaintiff's claim for wrongful arrest is barred under *Heck* when, as here, the plaintiff is unable to show both that his conviction is not inconsistent with such a claim and that the conviction was overturned or reversed. *See, e.g., Backus v. Gissel*, 491 F. App'x 838, 839 (9th Cir. 2012)(affirming district court's dismissal of the plaintiff's § 1983 claims for false arrest and malicious prosecution "as *Heck*-barred" because success on those claims would necessarily imply the invalidity of the plaintiff's arrest and conviction.); *Guerrero v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006)(*Heck* barred the plaintiff's claims under § 1983 for wrongful arrest, malicious prosecution, and conspiracy because success on those claims "would necessarily imply the invalidity of his two convictions for possession of narcotics. Wrongful arrest, malicious prosecution, and a conspiracy among Los Angeles officials to bring false charges against [the plaintiff] could not have occurred unless he were innocent of the crimes for which he was convicted."); *Johnson v. Arndt*, 124 F. App'x 514, 515 (9th Cir. 2005)("The district court properly dismissed without prejudice [the plaintiff's] illegal seizure and wrongful arrest

claims [as barred by *Heck*] because success on these claims would necessarily imply the invalidity of [the plaintiff's] convictions, and he has not demonstrated that those convictions have been overturned.").

District courts in the Ninth Circuit have reached the same conclusion. For example, in *Sjogren v. City of Seaside* the plaintiff was charged with interfering with a police officer and resisting arrest under Oregon law, pled no contest to those charges, and was convicted of both crimes. The plaintiff then brought an action under § 1983 for, among other things, wrongful arrest. Specifically, the plaintiff asserted the officer did not have probable cause to arrest the plaintiff for interfering with a police officer and "brought unfounded criminal charges against him." No. 05-CV-1478-ST, 2007 WL 221869, at *5 (D. Or. Jan. 19, 2007). The court held the plaintiff's claim for arrest without probable cause was barred by *Heck* because the plaintiff's convictions for interfering with a police officer and resisting arrest had not been expunged or overturned and "the validity of an arrest, prosecution and conviction may be challenged only by writ of habeas corpus."

Similarly in *Dowd v. County of Kern* the plaintiff was arrested and convicted of interfering with a peace officer. No. 1:12-cv-01063-LJO-JLT, 2012 WL 3704827, at *3 (E.D. Cal. Aug. 27, 2012). The plaintiff brought a § 1983 action alleging,

among other things, a claim for wrongful arrest on the ground
that the police officer lacked probable cause to arrest him.  The
court held *Heck* barred the plaintiff's wrongful-arrest claim
because the plaintiff's conviction for interfering with a peace
officer had not been invalidated and a judgment in favor of the
plaintiff on his wrongful-arrest claim "would necessarily imply
the invalidity of his conviction."  *Id.*, at *4.

As in *Backus*, *Guerrero*, *Johnson*, *Sjogren,* and *Dowd*
Plaintiff's § 1983 claim for wrongful arrest is barred by *Heck*
because success on this claim based on the lack of probable cause
for Plaintiff's arrest would necessarily imply the invalidity of
his juvenile adjudication.  Accordingly, the Court grants
Defendants' Motion for Judgment on the Pleadings as to
Plaintiff's § 1983 claim for wrongful arrest and dismisses that
claim without prejudice.

## II.  *Heck* bars Plaintiff's state-law claim for false arrest.

Defendants assert Plaintiff's state-law claim for false
arrest is barred by *Heck*.

Plaintiff contends he was falsely arrested because Officer
Miller did not have probable cause to arrest him for interfering
with a police officer.  "*Heck* . . . generally bars a claim for
false arrest under § 1983 if success in the false arrest suit
would be inconsistent with an underlying conviction."  *Hart v.
Parks*, 450 F.3d 1059, 1065 n.5 (9th Cir. 2006).  *See also Radwan*

*v. County of Orange*, 519 F. App'x 490, 491 n.1 (9ᵗʰ Cir. 2013) ("*Heck* also bars Radwan's state-law false arrest claims because success on those claims would call into question the lawfulness of his prior conviction for marijuana possession.").

Under Oregon law "the tort [of false arrest] has four elements: (1) defendant must confine plaintiff; (2) defendant must intend the act that causes the confinement; (3) plaintiff must be aware of the confinement; and (4) the confinement must be unlawful." *Hiber Creditors Collection Serv., Inc.*, 154 Or. App. 408, 413 (1998)(citing *Lukas v. J.C. Penney Co.*, 233 Or. 345, 353 (1963), and *Walker v. City of Portland*, 71 Or. App. 693, 697 (1985)).

Here the Oregon courts have not reversed, expunged, or questioned Plaintiff's adjudication, and success on Plaintiff's false-arrest claim on the ground of lack of probable cause would call into question the lawfulness of his adjudication for interfering with a police officer and resisting arrest.  The Court, therefore, concludes Plaintiff's claim under § 1983 for false arrest is barred under *Heck*.

Accordingly, the Court grants Defendants' Motion for Judgment on the Pleadings as to Plaintiff's state-law claim for false arrest and dismisses that claim without prejudice.

**III. *Heck* bars Plaintiff's § 1983 claim for excessive force.**

Plaintiff asserts Officer Miller violated Plaintiff's right

not to be subjected to excessive force when he grabbed Plaintiff, slammed him on the ground, and arrested him for resisting arrest and interfering with a police officer.  Defendants assert *Heck* bars Plaintiff's claim for excessive force because Plaintiff was adjudicated for resisting arrest under Oregon Revised Statute § 162.315 and success on Plaintiff's excessive force claim would necessarily imply the invalidity of his adjudication for resisting arrest.

Oregon Revised Statute § 162.315(1) provides:  "A person commits the crime of resisting arrest if the person intentionally resists a person known by the person to be a peace officer . . . in making an arrest."  In addition, Oregon Revised Statute § 161.260 provides:  "A person may not use physical force to resist an arrest by a peace officer who is known or reasonably appears to be a peace officer, whether the arrest is lawful or unlawful."  Oregon Revised Statute § 161.290, however, permits an individual "to use such force as is necessary to overcome what the person reasonably believes to be the unlawful use of physical force by anyone, including a police officer."  *State v. Oliphant*, 347 Or. 175, 193 (2009).

The Oregon Supreme Court resolved the "apparent conundrum" that under Oregon law "[a] person may not use force to resist arrest, even if the arrest is unlawful, but any person is entitled to use such force as is necessary to overcome what the

person reasonably believes to be the unlawful use of physical

force by anyone, including a police officer" as follows:

> "it is crucial to distinguish between (1) the use
> of physical force in resisting arrest and (2) the
> use of physical force in defending oneself, *i.e.*,
> self-defense, against excessive use of force by
> the arresting officer.
>
> \* \* \*
>
> "If a peace officer uses excessive force in making
> an arrest, the arrestee has a right to use
> physical force in self-defense against the
> excessive force being used by the officer. . . .
> In that circumstance, the arrestee is not
> resisting arrest, but, rather, is defending
> against the excessive force being used by the
> arresting officer."

*Id.* (quoting *State v. Wright*, 310 Or. 430, 434-35 (1990)).  It is

not clear on this record whether Plaintiff raised a defense of

self-defense in his juvenile adjudication.  If Plaintiff raised

such a defense, it could be properly inferred that Officer Miller

did not use excessive force.  If Plaintiff did not raise the

issue of self-defense but succeeded on his § 1983 excessive-force

claim, his success would necessarily imply the invalidity of his

adjudication for resisting arrest.  The Court, therefore,

concludes *Heck* bars Plaintiff's § 1983 excessive-force claim.

Accordingly, the Court grants Defendants' Motion for

Judgment on the Pleadings as to Plaintiff's § 1983 claim for

excessive force and dismisses that claim without prejudice.

## IV.    *Heck* bars Plaintiff's state-law battery claim.

Plaintiff relies on the facts stated in ¶¶ 8-11 of his

Complaint and asserts Officer Miller's actions "constituted the
tort of battery." Defendants, in turn, assert *Heck* bars
Plaintiff's battery claim.

Under Oregon law the elements of a battery claim are well-
established:

> "[T]he conduct which brings about the harm must be
> an act of volition on the actor's part, and the
> actor must have intended to bring about a harmful
> or offensive contact or put the other party in
> apprehension thereof.  It is not necessary that
> the contact do actual physical harm — it is
> sufficient if the contact is offensive or
> insulting."

*Johnson v. Jones*, 269 Or. App. 12, 17 (2015)(quoting *Bakker v.
Baza'r, Inc.*, 275 Or. 245, 249 (1976)).  "Thus, a 'battery is a
voluntary act that is intended to cause the resulting harmful or
offensive contact.'"  *Id.* (quoting *Harris v. Pameco Corp.*, 170
Or. App. 164, 169 (2000)).

In *Ballard v. City of Albany* the plaintiff asserted
defendant police officers committed battery against him during
his arrest when they "intentionally and recklessly deployed their
police dog, sprayed, beat and attacked plaintiff."  221 Or. App.
630, 640 (2008).  The court noted:

> A "battery" is a "voluntary act that is intended
> to cause the resulting harmful or offensive
> contact."  *Walthers v. Gossett*, 148 Or. App. 548,
> 552 (1997). . . .  [A] police officer is justified
> under [Oregon Revised Statute § 161.235] in using
> physical force when he or she believes it is
> reasonably necessary to make an arrest, *see Gigler
> v. Klamath Falls*, 21 Or. App. 753, 763 (1975), and
> a police officer is presumed to be acting in good

> faith in determining the amount of force necessary
> to make the arrest. *Rich v. Cooper*, 234 Or. 300,
> 309 (1963).  However, the use of excessive force
> by a police officer in carrying out an arrest can
> give rise to civil liability for battery.

*Id.* at 640-41.  Thus, only excessive force by a police officer

carrying out an arrest can give rise to civil liability for

battery.  In addition, as noted in the excessive-force claim

analysis, when "a peace officer uses excessive force in making an

arrest, the arrestee has a right to use physical force in

self-defense. . . .  In that circumstance, the arrestee is not

resisting arrest, but, rather, is defending against the excessive

force being used by the arresting officer."  *Oliphant*, 347 Or. at

193 (quotation omitted).

    As with Plaintiff's claim for excessive force, success on

Plaintiff's claim of battery would necessarily imply the force

used by Officer Miller was excessive; that Plaintiff had a right

to defend against the excessive force; and, therefore, that

Plaintiff was not resisting arrest.  Thus, success on Plaintiff's

claim for battery would necessarily call into question his

conviction for resisting arrest.  The Court, therefore, concludes

*Heck* bars Plaintiff's battery claim.

    Accordingly, the Court grants Defendants' Motion for

Judgment on the Pleadings as to Plaintiff's battery claim.

**V.    *Heck* bars Plaintiff's state-law claim for malicious
       prosecution.**

    Plaintiff asserts Defendants committed malicious prosecution

16 - OPINION AND ORDER

when they commenced prosecution against Plaintiff without probable cause to prosecute.  To establish malicious prosecution under Oregon law a plaintiff must prove (1) the defendant initiated or prosecuted a judicial proceeding against the plaintiff, (2) the proceeding terminated in the plaintiff's favor, (3) the defendant lacked probable cause to prosecute the action, (4) the defendant acted with malice or with the "primary purpose other than that of securing an adjudication of the claim by the defendant," and (5) the plaintiff suffered damages.  *Perry v. Rein*, 215 Or. App. 113, 125 (2007).

Plaintiff states in his Complaint that his appeal of his adjudication for resisting arrest and interfering with a police officer is pending.  Plaintiff, therefore, has not and cannot allege his adjudication terminated in his favor.

Accordingly, the Court grants Defendants' Motion for Judgment on the Pleadings as to Plaintiff's state-law claim for malicious prosecution and dismisses that claim without prejudice.

**VI.  Plaintiff does not sufficiently state a negligence claim.**

Plaintiff alleges Defendant City of Newberg was negligent because it (1) failed "to administer training and to timely and appropriately hire, train and supervise employees regarding dealing with citizens safely"; (2) failed "to hire, train and supervise employees regarding safe restraint of civilians"; and (3) failed "to train for legal bases to arrest."  Plaintiff also

17 - OPINION AND ORDER

asserts the individual officers "were negligent in their dealings
with plaintiff in causing injury without provocation or
justification."

Defendants assert Plaintiff's negligence claim fails because
in this district "a state common-law claim of negligence may be
maintained separately from a § 1983 claim only when the
negligence claim is based on facts that are different from the
facts on which the § 1983 claims are based." *Whitfield v.
Tri-Metropolitan Transp. Dist.,* No. 06-1655-HA, 2009 WL 839484,
at *11 (D. Or. Mar. 30, 2009)(citing *Shilo v. City of Portland*,
Civ. No. 04-130-AS, 2005 WL 3157563, *1 (D. Or. Nov. 22, 2005)).

As the court explained in *Shilo*:

> [M]ere negligence cannot sustain a § 1983 claim
> . . . . Thus, as a matter of principle, the court
> recognizes that a plaintiff may allege negligence
> as a basis for recovery separate from § 1983 for
> acts arising in the Fourth Amendment search and
> seizure context.  The negligence claim, however,
> should not be founded on the same facts that give
> rise to the § 1983 claim.

*Shilo*, 2005 WL 3157563, at * 1 (citing *Lewis v. City of St.
Petersburg*, 260 F.3d 1260, 1263 (11th Cir. 2001)).

Here Plaintiff's negligence claim is based on the same set
of facts that give rise to his § 1983 claim for excessive force
and his § 1983 *Monell* claim.  The Court, therefore, grants
Defendants' Motion for Judgment on the Pleadings as to
Plaintiff's claim for negligence and dismisses that claim with
leave to file an Amended Complaint to the extent that Plaintiff

18 - OPINION AND ORDER

can allege negligence based on a separate set of facts or allege

a claim for negligence specifically in the alternative to his

§ 1983 claims.

**VII. Plaintiff does not sufficiently state a claim under *Monell*.**

In *Monell v. Department of Social Services of City of New

York* the Supreme Court held municipalities are "persons" subject

to damages liability under section 1983 when "action pursuant to

official municipal policy of some nature cause[s] a

constitutional tort." 436 U.S. 658, 691 (1978). The Supreme

Court made clear that the municipality itself must cause the

constitutional deprivation and that a city may not be held

vicariously liable for the unconstitutional acts of its employees

under the theory of *respondeat superior*. *Id*. *See also City of

Canton v. Harris*, 489 U.S. 378, 385 (1989)(requiring "a direct

causal link between a municipal policy or custom and the alleged

constitutional deprivation").

The Ninth Circuit has held a plaintiff may establish

municipal liability under *Monell* in one of three ways: (1) the

officer "committed the alleged constitutional violation pursuant

to a formal governmental policy or a longstanding practice or

custom which constitutes the standard operating procedure of the

local governmental entity," (2) "the individual who committed the

constitutional tort was an official with final policy-making

authority," or (3) "an official with final policy-making

authority ratified a subordinate's unconstitutional decision or action and the basis for it." *Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992). *See also Heath v. City of Desert Hot Springs*, No. 13-55946, 2015 WL 3942839, at *3 (9th Cir. June 29, 2015)(same).

In his *Monell* claim Plaintiff alleges:

> Huntley Miller, acting under color of law, deprived plaintiff of his Fourth Amendment rights.

> Brian Casey, acting as Chief of Police was the final policymaker for City of Newberg as to officer conduct and he knowingly ratified and approved of deputies excessive force without reasonable suspicion or probable cause that a crime had been committed or a danger existed.

> In the alternative, there exists a custom, unwritten policy or practice to use excessive force on citizens based on prior tort claims and actions against Miller and other Newberg officers.

Compl. at ¶¶ 23-25.  Defendants, in turn, assert Plaintiff has not sufficiently stated a claim for *Monell* liability against the City of Newberg.

In *AE ex rel. Hernandez v. County of Tulare* the Ninth Circuit addressed the level of pleading sufficient to state a claim under *Monell* in light of the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft*

*v. Iqbal*, 556 U.S. 662 (2009).[1]  666 F.3d 631, 636-37 (9th Cir.

2012).  The court noted:

> In the past, our cases have not required parties
> to provide much detail at the pleading stage
> regarding such a policy or custom.  "In this
> circuit, a claim of municipal liability under
> § 1983 is sufficient to withstand a motion to
> dismiss even if the claim is based on nothing more
> than a bare allegation that the individual
> officers' conduct conformed to official policy,
> custom, or practice."  [*Whitaker v. Garcetti*, 486
> F.3d 572, 581 (9th Cir. 2007)](citation and
> internal quotation marks omitted).
>
> * * *
>
> [After *Twombly* and *Iqbal*, however,] . . . "to be
> entitled to the presumption of truth, allegations
> in a complaint . . . may not simply recite the
> elements of a cause of action, but must contain
> sufficient allegations of underlying facts to give
> fair notice and to enable the opposing party to
> defend itself effectively.  Second, the factual
> allegations that are taken as true must plausibly
> suggest an entitlement to relief, such that it is
> not unfair to require the opposing party to be
> subjected to the expense of discovery and
> continued litigation."

*Hernandez*, 666 F.3d at 637 (quoting *Starr v. Baca*, 652 F.3d 1202

(9th Cir. 2011)).

Plaintiff's allegations in his *Monell* claim may have

satisfied the pre-*Twombly/Iqbal* standard.  *See Hernandez*, 666

F.3d at 638 n.6 ("[A]t the time [the district court] denied [the

---

[1] Although *Twombly* and *Iqbal* address the pleading standard
for a Motion to Dismiss under Rule 12(b)(6), the Ninth Circuit
has held a Rule 12(c) motion is "functionally identical to a Rule
12(b)(6) motion to dismiss for failure to state a claim, and
therefore the same legal standard applies."  *Cafasso*, 637 F.3d at
1055 n.4.

plaintiff] leave to amend, our precedent required no more than the allegation that the government officials acted pursuant to an established policy or custom."). Plaintiff's allegations, however, do not satisfy the current pleading standard because they do not include sufficient allegations of underlying facts to give fair notice to Defendants or to enable Defendants to defend themselves effectively. In addition, Plaintiff's factual allegations underlying his *Monell* claim, even when viewed as true, do not "plausibly suggest an entitlement to relief."

Accordingly, the Court grants Defendants' Motion for Judgment on the Pleadings as to Plaintiff's *Monell* claim. The Court, however, grants Plaintiff leave to file an Amended Complaint to cure the deficiencies of his *Monell* claim.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#8) for Judgment on the Pleadings. The Court also **GRANTS** Plaintiff leave to file an Amended Complaint **no later than October 9, 2015,** only (1) to the extent that Plaintiff can allege negligence based on a separate set of facts or allege a claim for negligence specifically in the alternative to his § 1983 claims and (2) to cure the deficiencies of his *Monell* claim as set out in this Opinion and Order. Plaintiff is advised that failure to file an Amended Complaint will result in dismissal of this matter with

22 - OPINION AND ORDER

prejudice.

IT IS SO ORDERED.

DATED this 18th day of September, 2015.

_____
ANNA J. BROWN
United States District Judge