```
                  IN THE UNITED STATES DISTRICT COURT

                        FOR THE DISTRICT OF OREGON


AUSTIN GREGORY,                          3:15-CV-00473-BR

          Plaintiff,                     OPINION AND ORDER

v.

CITY OF NEWBERG; HUNTLEY
MILLER, Personally; and BRIAN
CASEY, Personally,

          Defendants.


LEONARD RANDOLPH BERMAN
4711 S.W. Huber Street
Suite E-3
Portland, OR 97219
(503) 516-3715

          Attorney for Plaintiff

STEVEN A. KRAEMER
BRYCE W. HANKS
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

          Attorneys for Defendants
```

1 - OPINION AND ORDER

**BROWN, Judge.**

On March 23, 2015, Plaintiff Austin Gregory filed a Complaint in this Court against the City of Newberg, Newberg Police Officer Huntley Miller, and Newberg Chief of Police Brian Casey asserting claims pursuant to 42 U.S.C. § 1983 for (1) wrongful arrest in violation of the Fourth Amendment to the United States Constitution; (2) excessive force in violation of the Fourth Amendment; and (3) a claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  Plaintiff also asserted state-law claims for negligence, false arrest, battery, and malicious prosecution.

On June 1, 2015, Defendants filed a Motion for Judgment on the Pleadings as to all of Plaintiff's claims.

On September 21, 2015, the Court issued an Opinion and Order in which it granted Defendants' Motion for Judgment on the Pleadings.  In particular, the Court concluded Plaintiff had not sufficiently stated a claim for *Monell* liability against the City of Newberg.  The Court specifically noted

> Plaintiff's allegations . . . do not satisfy the current pleading standard because they do not include sufficient allegations of underlying facts to give fair notice to Defendants or to enable Defendants to defend themselves effectively.  In addition, Plaintiff's factual allegations underlying his *Monell* claim, even when viewed as true, do not plausibly suggest an entitlement to relief.

Opin. and Order at 22 (issued Sept. 21, 2015)(quotation omitted).

2 - OPINION AND ORDER

The Court, however, granted Plaintiff leave to file an Amended Complaint no later than October 9, 2015, to cure the deficiencies of his *Monell* claim among other things.

Plaintiff did not file an Amended Complaint. On October 13, 2015, Plaintiff filed a Motion for Extension of Time to File A [*sic*] Amended Complaint in which he seeks an order requiring Defendants to produce discovery related to his *Monell* claim and permitting Plaintiff an additional 60 days to file an Amended Complaint. Defendants oppose Plaintiff's request for discovery.

Plaintiff relies on Federal Rule of Civil Procedure 56(d) to support his request for discovery. Rule 56(d), however, permits only the nonmovant in a summary-judgment motion to request additional time to obtain affidavits, declarations, or discovery to present "essential facts to justify its opposition." As noted, Defendants filed a Motion for Judgment on the Pleadings rather than a summary judgment motion.

In addition, as the Court noted in its September 21, 2015, Opinion and Order, a judgment on the pleadings is properly granted when, taking all allegations in the nonmoving party's pleadings as true, the moving party is entitled to judgment as a matter of law. *Compton Unified Sch. Dist. v. Addison*, 598 F.3d 1181, 1185 (9th Cir. 2010). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter, accepted as

3 - OPINION AND ORDER

true, to state a claim to relief that is plausible on its face." *Davis v. Astrue*, Nos. C-06-6108 EMC, C-09-0980 EMC, 2011 WL 3651064, at *1 (N.D. Cal. Aug. 18, 2011)(citation omitted).  *See also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011)(A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion to dismiss for failure to state a claim, and therefore the same legal standard applies.").  In its September 21, 2015, Opinion and Order the Court concluded Plaintiff had not provided a sufficient factual basis in his Complaint to support his *Monell* claim.  To cure the deficiencies in his *Monell* claim Plaintiff would have to state sufficient factual allegations to support such a claim on the information that he currently possesses.  If Plaintiff does not already know facts sufficient to state a claim, he is not entitled to use this litigation to investigate whether he has a claim to state.  Thus, the Court declines to permit Plaintiff to engage in what might be viewed as a "fishing expedition" to attempt to find facts to plead his *Monell* claim sufficiently.

Accordingly, the Court denies Plaintiff's request for an order requiring Defendants to produce the discovery that Plaintiff sets out in his Amended Declaration (#19).

## CONCLUSION

For these reasons, the Court **DENIES in part** Plaintiff's

4 - OPINION AND ORDER

Motion (#18) for Extension of Time to File A [*sic*] Amended Complaint to the extent that Plaintiff seeks an order requiring Defendants to produce discovery.  The Court **GRANTS in part** Plaintiff's Motion (#18) for Extension of Time to the extent that the Court grants Plaintiff an extension of time to **November 13, 2015,** to file an Amended Complaint to cure the deficiencies set out in the Court's September 21, 2015, Opinion and Order.

    IT IS SO ORDERED.

    DATED this 30th day of October, 2015.

                             /s/ Anna J. Brown

                             ANNA J. BROWN
                             United States District Judge

5 - OPINION AND ORDER