IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AUSTIN GREGORY,                           3:15-CV-00473-BR

       Plaintiff,                         OPINION AND ORDER

v.

CITY OF NEWBERG; HUNTLEY
MILLER, Personally; and BRIAN
CASEY, Personally,

       Defendants.


LEONARD RANDOLPH BERMAN
4711 S.W. Huber Street
Suite E-3
Portland, OR 97219
(503) 516-3715

       Attorney for Plaintiff

STEVEN A. KRAEMER
BRYCE W. HANKS
Hart Wagner, LLP
1000 S.W. Broadway
Suite 2000
Portland, OR 97205
(503) 222-4499

       Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendants' Amended

Motion (#29) to Dismiss.  For the reasons that follow, the Court

**GRANTS** Defendants' Motion.


<u>BACKGROUND</u>

On March 23, 2015, Plaintiff Austin Gregory filed a

Complaint in this Court against the City of Newberg, Officer

Miller, and Chief of Newberg Police Brian Casey asserting (1) a

claim pursuant to 42 U.S.C. § 1983 for wrongful arrest in

violation of the Fourth Amendment to the United States

Constitution; (2) a claim pursuant to 42 U.S.C. § 1983 for

excessive force in violation of the Fourth Amendment; and (3) a

claim under *Monell v. Department of Social Services*, 436 U.S. 658

(1978).  Plaintiff also asserts state-law claims for negligence,

false arrest, battery, and malicious prosecution.  Plaintiff

alleges the following facts in support of his claims:

> On March 31, 2013 at 10:13 a.m., Mr. Gregory, then
> a minor of 16 years, was lawfully in his home at
> 819 Zoe Court in Newberg, when Huntley Miller
> visited and spoke with his mother Patricia
> Gregory.  Austin Gregory came near the door and
> spoke to Miller.  While speaking with Ms. Gregory,
> Miller instructed Miller [*sic*] to go "into" his
> house or face arrest, while Austin was already
> standing inside the home.
>
> When Austin verbally challenged Millers'
> authority, saying he was rightfully and lawfully
> in his own home and there was no basis to arrest

him, Miller lunged in to the home and grabbed
Austin out of his home, slammed him on to the
ground and, battered him and arrested him.  He
suffered a concussion and closed head injuries.

His juvenile conviction[s] for interfering and
resisting arrest [are] pending appeal in State
court.[1]

Plaintiff timely filed a notice of tort claim
September 23, 2013.

Compl. at ¶¶ 8-11.

On June 1, 2015, Defendants filed a Motion for Judgment on
the Pleadings as to all of Plaintiff's claims.

On September 21, 2015, the Court entered an Opinion and
Order in which it granted Defendants' Motion for Judgment on the
Pleadings.  The Court declined to permit Plaintiff to replead his
claims under 42 U.S.C. § 1983 for wrongful arrest and excessive
force in violation of the Fourth Amendment as well as his state-
law claims for false arrest, battery, and malicious prosecution
because the Court concluded those claims were barred by *Heck v.
Humphrey*, 512 U.S. 477 (1994).  The Court, however, granted
Plaintiff leave to file an Amended Complaint to cure the
deficiencies in his *Monell* claim and his claim for negligence.
Specifically, the Court noted as to Plaintiff's *Monell* claim that

Plaintiff's allegations . . . do not satisfy the
current pleading standard because they do not
include sufficient allegations of underlying facts

_____

[1] In his Amended Complaint Plaintiff notes his juvenile
conviction for interfering and resisting arrest "has now been
Affirmed Without Opinion."  Am. Compl. at ¶ 10.

> to give fair notice to Defendants or to enable
> Defendants to defend themselves effectively.  In
> addition, Plaintiff's factual allegations
> underlying his *Monell* claim, even when viewed as
> true, do not plausibly suggest an entitlement to
> relief.

Opin. and Order at 22 (issued Sept. 21, 2015)(quotation omitted).

The Court also noted "Plaintiff's negligence claim is based on the same set of facts that give rise to his § 1983 claim for excessive force and his § 1983 *Monell* claim." *Id*. at 18.  In this district courts have held "a state common-law claim of negligence may be maintained separately from a § 1983 claim only when the negligence claim is based on facts that are different from the facts on which the § 1983 claims are based." *Whitfield v. Tri-Metropolitan Transp. Dist.,* No. 06-1655-HA, 2009 WL 839484, at *11 (D. Or. Mar. 30, 2009)(citing *Shilo v. City of Portland*, Civ. No. 04-130-AS, 2005 WL 3157563, *1 (D. Or. Nov. 22, 2005)).  The Court, therefore, granted Plaintiff leave to amend his negligence claim to the extent that he could allege a set of facts separate from those that form the basis for his § 1983 claims.

On November 13, 2015, Plaintiff filed an Amended Complaint against Defendants realleging his *Monell* claim and his claim for negligence.

On December 18, 2015, Defendants filed an Amended Motion to Dismiss.  The Court took Defendants' Motion under advisement on January 13, 2016.

## STANDARDS

> To survive a motion to dismiss, a complaint must
> contain sufficient factual matter, accepted as
> true, to "state a claim to relief that is
> plausible on its face." [*Bell Atlantic v.
> Twombly*, 550 U.S. 554,] 570, 127 S. Ct. 1955.  A
> claim has facial plausibility when the plaintiff
> pleads factual content that allows the court to
> draw the reasonable inference that the defendant
> is liable for the misconduct alleged.  *Id.* at 556.
> . . .  The plausibility standard is not akin to a
> "probability requirement," but it asks for more
> than a sheer possibility that a defendant has
> acted unlawfully.  *Ibid.*  Where a complaint pleads
> facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line
> between possibility and plausibility of
> 'entitlement to relief.'"  *Id.* at 557, 127 S. Ct.
> 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  *See also Bell Atlantic*, 550 U.S. at 555-56.  The court must accept as true the allegations in the complaint and construe them in favor of the plaintiff.  *Din v. Kerry*, 718 F.3d 856, 859 (9th Cir. 2013).

The pleading standard under Federal Rule of Civil Procedure 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  *See also* Fed. R. Civ. P. 8(a)(2).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S. at 555).  A complaint also does not suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)(citation omitted).  A court, however, "may consider a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007)(citation omitted).


<u>**DISCUSSION**</u>

As noted, Defendants move to dismiss both of Plaintiff's claims.

## I.   **Plaintiff does not sufficiently state a negligence claim.**

In his initial Complaint Plaintiff alleged Defendant City of Newberg was negligent because it (1) failed "to administer training and to timely and appropriately hire, train and supervise employees regarding dealing with citizens safely"; (2) failed "to hire, train and supervise employees regarding safe restraint of civilians"; and (3) failed "to train for legal bases to arrest."  Plaintiff also asserted the individual officers "were negligent in their dealings with plaintiff in causing injury without provocation or justification."  In his Amended Complaint Plaintiff makes the same factual allegations in

6 - OPINION AND ORDER

his negligence claim as he made in his initial Complaint and adds only that Defendants failed to "*discipline or terminate* employees regarding safe restraint of civilians." Am. Compl. at ¶ 24(b)(emphasis added). Plaintiff does not add any allegations in the Facts section of his Amended Complaint that support his claim for negligence or that establish his claim for negligence is based on facts different from those that underlie his *Monell* claim or his § 1983 claims (claims that the Court has already concluded are barred by *Heck*). The Court, therefore, concludes Plaintiff has failed to plead sufficiently a claim for negligence in his Amended Complaint.

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's negligence claim. Because the Court already has given Plaintiff a chance to amend his Complaint to state a negligence claim adequately, the Court declines to grant Plaintiff a third opportunity to replead this claim.

**II.  Plaintiff does not sufficiently state a claim under *Monell*.**

In *Monell* the Supreme Court held municipalities are "persons" subject to damages liability under § 1983 when "action pursuant to official municipal policy of some nature cause[s] a constitutional tort." 436 U.S. at 691. The Supreme Court made clear that the municipality itself must cause the constitutional deprivation and that a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory

of *respondeat superior*.  *Id.*  *See also City of Canton v. Harris*,
489 U.S. 378, 385 (1989)(requiring "a direct causal link between
a municipal policy or custom and the alleged constitutional
deprivation").

The Ninth Circuit has held a plaintiff may establish
municipal liability under *Monell* in one of three ways:  (1) the
officer "committed the alleged constitutional violation pursuant
to a formal governmental policy or a longstanding practice or
custom which constitutes the standard operating procedure of the
local governmental entity," (2) "the individual who committed the
constitutional tort was an official with final policy-making
authority," or (3) "an official with final policy-making
authority ratified a subordinate's unconstitutional decision or
action and the basis for it."  *Gillette v. Delmore*, 979 F.2d
1342, 1346-47 (9th Cir. 1992).  *See also Heath v. City of Desert
Hot Springs*, No. 13-55946, 2015 WL 3942839, at *3 (9th Cir.
June 29, 2015)(same).

In his *Monell* claim Plaintiff initially alleged:

> Huntley Miller, acting under color of law,
> deprived plaintiff of his Fourth Amendment rights.
>
> Brian Casey, acting as Chief of Police was the
> final policymaker for City of Newberg as to
> officer conduct and he knowingly ratified and
> approved of deputies excessive force without
> reasonable suspicion or probable cause that a
> crime had been committed or a danger existed.
>
> In the alternative, there exists a custom,
> unwritten policy or practice to use excessive

force on citizens based on prior tort claims and
actions against Miller and other Newberg officers.

Compl. at ¶¶ 23-25.  In his Amended Complaint Plaintiff alleges

the following:

> In the alternative, there exists a custom,
> unwritten policy or practice to use excessive
> force on citizens based on prior tort claims and
> actions against Miller and other Newberg officers,
> *that has been ratified by Chief Casey by non-
> action in the face of official misconduct.*

Am. Compl. at ¶ 22 (the only additions to Plaintiff's initial

Complaint are italicized).  In the Facts section of his Amended

Complaint Plaintiff also set out a number of actions filed in

this Court and in state court against Newberg Police Officers to

support his *Monell* claim.  Defendants, however, assert Plaintiff

still has not sufficiently stated a claim against the City of

Newberg for *Monell* liability.

In *AE ex rel. Hernandez v. County of Tulare,* 666 F.3d 631,

636-37 (9th Cir. 2012), the Ninth Circuit addressed the level of

pleading sufficient to state a claim under *Monell* in light of the

Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The

court noted:

> In the past, our cases have not required parties
> to provide much detail at the pleading stage
> regarding such a policy or custom.  "In this
> circuit, a claim of municipal liability under
> § 1983 is sufficient to withstand a motion to
> dismiss even if the claim is based on nothing more
> than a bare allegation that the individual
> officers' conduct conformed to official policy,

> custom, or practice." [*Whitaker v. Garcetti*, 486
> F.3d 572, 581 (9th Cir. 2007)](citation and
> internal quotation marks omitted).
>
>       * * *
>
> [After *Twombly* and *Iqbal*, however,] . . . "to be
> entitled to the presumption of truth, allegations
> in a complaint . . . may not simply recite the
> elements of a cause of action, but must contain
> sufficient allegations of underlying facts to give
> fair notice and to enable the opposing party to
> defend itself effectively.  Second, the factual
> allegations that are taken as true must plausibly
> suggest an entitlement to relief, such that it is
> not unfair to require the opposing party to be
> subjected to the expense of discovery and
> continued litigation."

*Hernandez*, 666 F.3d at 637 (quoting *Starr v. Baca*, 652 F.3d 1202

(9th Cir. 2011)).

   Here Plaintiff did not include additional factual

allegations in his Amended Complaint to support his *Monell* claim

beyond those the Court has already found to be insufficient.

Plaintiff's allegations in his Amended Complaint regarding his

*Monell* claim may have satisfied the pre-*Twombly/Iqbal* standard.

*See Hernandez*, 666 F.3d at 638 n.6 ("[A]t the time [the district

court] denied [the plaintiff] leave to amend, our precedent

required no more than the allegation that the government

officials acted pursuant to an established policy or custom.").

Plaintiff's Amended Complaint, however, does not include

sufficient allegations of underlying facts to give fair notice to

Defendants or to enable Defendants to defend themselves

effectively, both of which are required under the current

10 - OPINION AND ORDER

standard.  In addition, Plaintiff's factual allegations underlying his *Monell* claim, even when viewed as true, do not "plausibly suggest an entitlement to relief."  Moreover, the record reflects none of the actions Plaintiff lists in his Facts section in support of his *Monell* claim have resulted in verdicts favoring plaintiffs.  For example, in *Warrens v. City of Newberg*, 3:04-CV-01692-MO, Judge Michael Mosman granted the defendants' motion for summary judgment and dismissed the matter with prejudice.  In *Kim v. Ronning, et al.*, 3:05-CV- 01167-HA, the parties settled the matter, and Judge Ancer Haggerty entered an order of dismissal before any ruling was made on the defendants' pending motion for summary judgment.  In *Miller v. Yamhill County*, 3:08-CV-00503-BR, this Court dismissed the matter for failure to prosecute.  Two other matters cited by Plaintiff are still pending and do not contain any motions decided in the plaintiffs' favor as of the date of this Opinion and Order.  The final matter cited by Plaintiff has not yet been filed in any court.  These cases, therefore, do not establish or create a reasonable inference of a *Monell* violation by the City of Newberg.

In any event, because Plaintiff has not established any underlying constitutional violation, he cannot maintain a claim under *Monell*.  *See, e.g. Simmons v. Navajo County Ariz.*, 609 F.3d 1011, 1021 (9th Cir. 2010)("Because we hold that there was no

underlying constitutional violation, the [plaintiffs] cannot maintain a claim for municipal liability."); *Patel v. Maricopa County*, 585 F. App'x 452, 452 (9th Cir. 2014)(The plaintiff's "*Monell* and supervisory liability claims fail as there was no underlying constitutional violation.").

Accordingly, the Court grants Defendants' Motion to Dismiss Plaintiff's *Monell* claim.  Because the Court already has given Plaintiff a chance to amend his Complaint to state a *Monell* claim sufficiently, the Court declines to grant Plaintiff a third opportunity to replead that claim.

<u>**CONCLUSION**</u>

For these reasons, the Court **GRANTS** Defendants' Amended Motion (#29) to Dismiss and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 17th day of March, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge